FILED
NOV 28 2006
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| KIEWIT/MANSON JV,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 06-06-796 C |

**COMPLAINT**

Plaintiff, Kiewit/Manson, JV (hereinafter "KM" or "Plaintiff"), for its Complaint against the Defendant alleges as follows:

**I.**

**JURISDICTION**

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1491. Plaintiff brings this action pursuant to the Contract Disputes Act, 41 U.S.C. § 601, et seq.

2. On or before September 27, 2005 (see Exhibit 1 hereto), KM submitted a claim, duly certified in accordance with statutory and contract requirements, seeking additional compensation in the amount of $5,263,454.22. Final decision of the Contracting Officer denying the claim and advising KM of its right to bring action in this Court was delivered to KM on June 9, 2006.

**II.**

**PARTIES**

3. Plaintiff, Kiewit/Manson JV, is a duly organized entity existing pursuant to the laws of the State of Alaska.

4. Defendant is the United States of America, acting through the Department of Army, U.S. Army Engineer District, Alaska (hereinafter "Defendant" or "Owner").

## III.

## FACTUAL BACKGROUND

5. On or about September 30, 2003, Defendant entered into Contract DACW 85-03-C-00014 with KM to construct a new main breakwater; a new spur breakwater; related dredging work; placement of erosion mattress rock; replacement of sheet pile retaining wall; demolition of concrete jetties; demolition and reconstruction of bridge abutment; and construction of a concrete girder bridge and bridge pier. The Contract amount was $36,800,877.00.

6. The Notice to Proceed was issued on November 4, 2003. The original contract completion date was established as April 29, 2007.

7. KM bid the project based upon its fair interpretation of the Owner's contract documents; that it could perform the various elements of work sequentially; that it could construct the spur breakwater, the causeway bridge and the main breakwater during the 2004 construction season, and then demobilize the mining equipment prior to winter freezeup, and perform the dredging portion of the work in the summer of 2005. KM's proposal was developed in reliance upon the Owner's bid documents, which served as a foundation for determining the necessary means and methods, and the time and the costs, needed to perform the anticipated work requirements.

8. KM proceeded with the work in pursuance of its intended job plan developed during the bid phase. As the work progressed, both the schedule and the plan for executing the

work had to be substantially altered. KM repeatedly had to deal with ongoing changes, conditions and interferences which were the fault and responsibility of the Owner. Without limitation, these included:

- Substantial quantity overruns, notably in the A22, B22 and A10 rock classifications.
- Nonpayment for work performed.
- Requirements for extra and additional work beyond and differing from those that originally had been set forth in the contract, and nonpayment for such work after KM had performed the actually and constructively changed requirements.
- Unrealistic and unreasonable interpretation of the contract documents, resulting in extra and additional work beyond what was called for in the contract.
- Maladministration of the contract at the project site. This took the form, among other things, of slow response to requests for information, and frequent impediments to forward progress of the work; and, in addition, was manifested in a penchant by the administrators for untimely second-guessing of the manner in which various work items had been performed.

9. Collectively, these conditions and interferences resulted in delay to the project such that KM had to winter-over and perform work during at least one extra season, thereby incurring extended duration, equipment standby and related costs for which the Owners is responsible.

10. Exclusive of the compensable extra and additional costs incurred with the dredging activity, KM assembled the backup information and unpaid amounts and incorporated them into a detailed, documented portfolio seeking equitable adjustment of the contract price, which was transmitted to the Owner under cover of SLC/SAO 088 dated August 5, 2005. Following discussion between Owner and KM representatives, KM's September 27, 2005 letter duly certified the August 5, 2005 submission as a claim in accordance with contract and statutory requirements. The certification and the claim document are attached and incorporated as Exhibit 2 to this Complaint.

## IV.

## CAUSES OF ACTION

11. Upon this Complaint and the incorporated claim document, KM asserts the following causes of action:

a. Failure to make payment due under, and in accordance with, the contract. Among the various remedial clauses incorporated into the contract between the parties are the following:

- FAR 52.243-1 pertaining to changes in the work.
- FAR 52.243-4 pertaining to defective specifications.
- FAR 52.211-18 pertaining to variations in estimated quantities.

KM requested, and was entitled to receive, payment for work in accordance with all of these provisions. At the time work was being performed, through and including the final Decision of the Contract Officer, the Owner persists in its refusal to equitably adjust the contract price in compliance with these

clauses.

b. The Owner breached its warranty that the plans and specifications it prepared for the project were correct, adequate and feasible.

c. The Owner breached its warranty that its administration of the project would be such as to reasonably facilitate forward progress of KM's work as planned and scheduled; instead, by its actions and failure to act, it directly and indirectly interfered with the work, causing compensable delay and extra costs.

WHEREFORE, PLAINTIFF PRAYS:

1. For Judgment against the Defendant in the amount of $5,263,454.22 together with such additional sums as are established by the evidence at trial.

2. That KM be awarded such other relief as the Court deems proper.

Respectfully submitted this 27 day of November, 2006.

Herbert A. Viergutz
Attorney for Plaintiff
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: 907-276-8010
Fax: 907-276-5334