# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * *
KEIWIT/MANSON JV,

Plaintiff,

v.

UNITED STATES,

Defendant.
* * * * * * * * * * * * * * * * * * * *

**No. 06-796C**
**Filed: July 11, 2007**

## O R D E R

The court held a status conference in the above-captioned case on July 10, 2007, with the parties appearing by telephone. As discussed at the conference, the plaintiff's July 6, 2007, unopposed motion to file an amended complaint is **GRANTED**. The court **SCHEDULES** another status conference for **Wednesday, November 28, 2007, 2:30 p.m.** Counsel for both parties may appear by telephone. Unless otherwise notified, the court will contact plaintiff's counsel at (907) 276-8010, and defendant's counsel at (202) 616-0391.

Also as discussed at the July 10, 2007 conference, discovery, including expert discovery, closes **Wednesday, March 26, 2008**. The parties shall file a joint status report on or before **Friday, March 28, 2008**, reflecting the completion of discovery and, if appropriate, the possibility of settlement.

If either party desires to file a motion for summary judgment that party shall request a status conference. The court will discuss whether motion practice will expedite the case at the status conference and set a schedule. If, together with the parties, the court determines that a dispositive motion is appropriate, the parties shall file a joint stipulation of facts with a supporting appendix, setting forth specific stipulations of agreed upon facts with appropriate citations to documents in the appendix to identify whether there are disputed material facts in the case. The parties also shall submit a joint statement of issues of law. For both submissions, the parties are to separately identify, if necessary, any statement of fact or issue of law which is not agreed upon by both parties, but which one party believes to be at issue in the case, in order to assist the parties and the court to determine whether the case is ripe for summary judgment or whether there are material facts in dispute which would preclude summary judgment. The joint stipulation of facts is to be filed instead of the moving party's proposed findings of uncontroverted fact and the opposing party's response to the proposed findings of uncontroverted fact. Briefs will follow after completion and filing of the joint stipulation of facts.

If neither party intends to file a dispositive motion in this case, the parties shall so

indicate in their **March 28, 2008** joint status report. The court **SCHEDULES** a status conference for **Wednesday, April 2, 2008, 2:30 p.m.**, to discuss progress in the case. Counsel for both parties may appear by telephone. Unless otherwise notified, the court will contact plaintiff's counsel at (907) 276-8010, and defendant's counsel at (202) 616-0391.

If all matters in this case are not settled or previously resolved, the court **SCHEDULES** a trial in this case to commence on **Monday, May 12, 2008, at 9:00 a.m.**, and to continue through **Friday, May 30, 2008**, or until all evidence is taken, in a courtroom in Anchorage, Alaska, to be identified at a later time. The Appendix A filings detailed in the Rules of the United States Court of Federal Claims (RCFC), are modified as described below. The filings with the court are to include:

a. <u>Witness List</u>. On or before **Wednesday, April 23, 2008**, the parties shall file a joint statement setting forth a list of witnesses to be called at trial, other than those to be used exclusively for impeachment. As to each witness, the parties shall indicate the party for which the witness will be testifying, the specific topics to be addressed in the expected testimony and the time needed for direct examination. The parties also shall indicate whether or not they are willing to take overlapping witnesses who are to be called for both the plaintiff and the defendant at one sitting, as discussed at the conference.

b. <u>Stipulations</u>. On or before **Wednesday, April 23, 2008**, The parties shall file a joint stipulation of facts containing separately numbered paragraphs covering all matters to which the parties have been able to stipulate during the course of proceedings. The court urges the parties to achieve joint stipulations to the fullest extent possible in order to reduce the time required for trial.

c. <u>Issues of Fact and Law.</u> On or before **Wednesday, April 23, 2008**, the parties shall file a joint statement of the issues of fact and law to be decided by this court. The statement of issues shall control the admissibility of evidence at trial and evidence will be deemed to be irrelevant unless it pertains to one or more of the issues.

d. <u>Joint Trial Exhibit List</u>. On or before **Wednesday, April 23, 2008**, the parties shall file a joint trial exhibit list divided into the following five sections:

(1) Joint stipulated exhibits, to be numbered starting with 1-99 or 1-999, as needed. The court urges the parties to achieve as many joint exhibits as possible in order to reduce the time required for trial.

(2) Plaintiff's exhibits, to be numbered starting with 100-199, or 1000-1999, the number sequence to begin following the completion of the sequence of numbers used for the joint exhibits.

(3) Defendant's exhibits, to be numbered 200-299 or 2000-2999, the number sequence to begin following the completion of the sequence of numbers used for the plaintiff's exhibits.

(4) Plaintiff's objections to defendant's exhibits, including the basis for each objection.

(5) Defendant's objections to plaintiff's exhibits, including the basis for each objection.

The actual exhibits shall not be submitted to the clerk's office or to chambers, but shall be brought to the trial by the parties in sufficient copies, including one copy for the witness, two copies for the court and the official copy to be submitted to the court reporter. The exhibits shall be bound or placed in a loose leaf notebook(s) with each exhibit sequentially numbered and all pages of each exhibit sequentially numbered, starting with page one of the first exhibit through the last page of the last exhibit. Loose submissions, such as maps, photographs, physical evidence and charts, may be submitted. Reduced copies of charts and photographs should be included in the bound volumes, if possible.

e. Deposition Testimony. On or before **Wednesday, April 23, 2008**, any party intending to present substantive evidence by way of deposition testimony, other than as provided by Federal Rule of Evidence 801(d), shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portion of the transcript the party intends to use at trial. The opposing party may file a response to this motion. Sufficient copies of proposed deposition pages for use at trial must be brought to the trial by the party intending to use such deposition testimony.

f. Responses. The parties are expected to confer and cooperate in the preparation of the above described documents. Any responses to matters raised by the opposing party should, therefore, be included in each party's initial submission. However, if anything new or unexpected is discovered, it may be addressed in a brief response which must be filed under cover of a motion for leave of the court to file the response, immediately upon making the discovery.

The court **SCHEDULES** a pretrial conference for **Wednesday, April 30, 2008, 2:30 p.m.** Counsel for both parties may appear by telephone. Unless otherwise notified, the court will contact plaintiff's counsel at (907) 276-8010, and defendant's counsel at (202) 616-0391.

**IT IS SO ORDERED**.

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**