# In the United States Court of Federal Claims

| | | |
|---|---|---|
| KIEWIT/MANSON JV, Plaintiff, v. UNITED STATES, Defendant. | * | No. 06-796C Filed: December 6, 2007 |

## O R D E R

The court held a status conference in the above-captioned case on November 28, 2007, with the parties appearing by telephone. The plaintiff's recent filing, which called attention to a docket entry indicating settlement progress, was discussed at the conference. Further investigation has revealed that no order to support the docket entry was filed by this chambers or signed by this judge. In fact, the text of the docket entry has nothing to do with this case. The docket entry reflecting settlement activity pertains instead to a vaccine case assigned to vaccine Special Master Millman, and was erroneously sent to the parties in this case by the clerk's office. The court appreciates the plaintiff bringing this discrepancy to our attention, for, even though the parties received the erroneous docket entry, the docket for this case does not contain the entry and the court was otherwise unaware of it. The clerk's office was alerted so that it could ensure that the docket entry was sent to the correct parties and appears on the correct docket. The parties in this case should ignore the vaccine docket entry.

As previously scheduled, discovery, including expert discovery, shall close **Wednesday, March 26, 2008**. The parties shall file a joint status report on or before **Friday, March 28, 2008**, reflecting the completion of discovery and, if appropriate, the possibility of settlement. If either party contemplates filing a motion for summary judgment or partial summary judgment, that party shall request a status conference prior to filing any such motion. The court will discuss whether motion practice will expedite the case at the status conference and set a schedule. If neither party intends to file a dispositive motion in this case, the parties shall so indicate in their **March 28, 2008** joint status report. The court **SCHEDULES** a status conference for **Wednesday, April 2, 2008, 2:30 p.m.**, to discuss progress in the case and to discuss whether a site visit is deemed necessary. Counsel for both parties may appear by telephone. Unless otherwise notified, the court will contact plaintiff's counsel at (907) 276-8010, and defendant's counsel at (202) 307-0163.

During pre-trial discovery and prior to the April 2, 2008 conference, the parties shall consider and discuss the possibility of settlement in the case. If all matters in this case are

not settled or previously resolved, the court **SCHEDULES** a trial in this case to commence on the revised dates of **Tuesday, May 27, 2008, at 9:00 a.m.**, and to continue through **Friday, June 13, 2008**, or until all evidence is taken, in a courtroom in Anchorage, Alaska, to be further identified at a later time. The trial dates reflect courtroom availability in Anchorage.

The Appendix A filings detailed in the Rules of the United States Court of Federal Claims (RCFC) are modified as described below. The filings with the court are to include:

a. Witness List. On or before **Wednesday, April 23, 2008**, the parties shall file a joint statement setting forth a list of witnesses to be called at trial, other than those to be used exclusively for impeachment. As to each witness, the parties shall indicate the party for which the witness will be testifying, the specific topics to be addressed in the expected testimony and the time needed for direct examination. The parties also shall indicate whether or not they are willing to take overlapping witnesses who are to be called for both the plaintiff and the defendant at one sitting.

b. Stipulations. On or before **Wednesday, April 23, 2008**, The parties shall file a joint stipulation of facts containing separately numbered paragraphs covering all matters to which the parties have been able to stipulate during the course of proceedings. The court urges the parties to achieve joint stipulations to the fullest extent possible in order to reduce the time required for trial. The stipulations shall include citations, by exhibit, page and paragraph numbers, to the trial exhibits discussed below.

c. Issues of Fact and Law. On or before **Wednesday, April 23, 2008**, the parties shall file a joint statement of the issues of fact and law to be decided by this court. The statement of issues shall control the admissibility of evidence at trial and evidence will be deemed to be irrelevant unless it pertains to one or more of the issues.

d. Joint Trial Exhibit List. On or before **Wednesday, April 23, 2008**, the parties shall file a joint trial exhibit list divided into the following five sections:

(1) Joint stipulated exhibits, to be numbered starting with 1-99 or 1-999, as needed. The court urges the parties to achieve as many joint exhibits as possible in order to reduce the time required for trial.

(2) Plaintiff's exhibits, to be numbered starting with 100-199, or 1000-1999, the Bates page numbering sequence to begin following the completion of the sequence of numbers used for the joint exhibits.

(3) Defendant's exhibits, to be numbered 200-299 or 2000-2999, the Bates page numbering sequence to begin following the completion of the sequence of numbers used for the plaintiff's exhibits.

(4) Plaintiff's objections to defendant's exhibits, including the basis for each objection.

(5) Defendant's objections to plaintiff's exhibits, including the basis for each objection.

The actual exhibits themselves shall not be submitted to the clerk's office or to chambers, but shall be brought to the trial by the parties in sufficient copies, including one copy for the witness, two copies for the court and the official copy to be submitted to the court reporter. The exhibits shall be bound or placed in a loose leaf notebook(s) with each exhibit sequentially numbered and all pages of each exhibit sequentially numbered, starting with page one of the first exhibit through the last page of the last exhibit. Loose submissions, such as maps, photographs, physical evidence and charts, may be submitted. Reduced copies of charts and photographs should be included in the bound volumes, if possible.

e. Deposition Testimony. On or before **Wednesday, April 23, 2008**, any party intending to present substantive evidence by way of deposition testimony, other than as provided by Federal Rule of Evidence 801(d), shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portion of the transcript the party intends to use at trial. The opposing party may file a response to this motion. Sufficient copies of proposed deposition pages for use at trial must be brought to the trial by the party intending to use such deposition testimony.

f. Responses. The parties are expected to confer and cooperate in the preparation of the above described documents. Any responses to matters raised by the opposing party should, therefore, be included in each party's initial submission. However, if anything new or unexpected is discovered, it may be addressed in a brief response which must be filed under cover of a motion for leave of the court to file the response, immediately upon making the discovery.

The court **SCHEDULES** a pre-trial conference for **Wednesday, April 30, 2008, 2:30 p.m.** Counsel for both parties may appear by telephone. Unless otherwise notified, the court will contact plaintiff's counsel at (907) 276-8010, and defendant's counsel at (202) 616-0391.

**IT IS SO ORDERED**.

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**