# In the United States Court of Federal Claims

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * *<br>**KIEWIT/MANSON JV,**<br>**Plaintiff,**<br>**v.**<br>**UNITED STATES,**<br>**Defendant.**<br>* * * * * * * * * * * * * * * * * * * * | **No. 06-796C**<br>**Filed: March 10, 2008** |

**O R D E R**

The court held a conference with the parties in the above-captioned case on March 6, 2008, with the parties appearing by telephone. As discussed at the conference, on or before **Friday, March 28, 2008**, the parties shall file initial, and separate, witness lists, similar to the witness lists discussed below in paragraph a. Furthermore, the status conference originally scheduled for Wednesday, April 2, 2008 is **RESCHEDULED** for **Monday, March 31, 2008, at 2:30 p.m. DST**. Both parties may appear by telephone. Unless otherwise notified, the court will contact plaintiff's counsel at (907) 276-8010 and defendant's counsel at (202) 307-0163. The parties will be prepared to discuss details for the below-scheduled mediation, and pertinent matters in preparation for trial. Also as discussed with the parties, discovery shall close **Friday, April 25, 2008**. The parties proposed mediation of the case, which is scheduled for **Wednesday, April 30, 2008, 9:30 a.m. DST**, in the Mastin G. White Conference Room (Room 710), at the Howard T. Markey National Courts Building, 717 Madison Place, NW, Washington, D.C. 20005.

If mediation is not successful, Appendix A filings detailed in the Rules of the United States Court of Federal Claims, are modified as described below. The filings with the court are to include:

a. Witness List. On or before **Friday, May 9, 2008, 12:00 p.m.**, the parties shall file a joint statement setting forth a final list of witnesses to be called at trial, other than those to be used exclusively for impeachment. As to each witness, the parties shall indicate the party for which the witness will be testifying, the specific topics to be addressed in the expected testimony and the time needed for direct examination. The parties also shall indicate whether or not they are willing to take overlapping witnesses who are to be called for both the plaintiff and the defendant at one sitting.

b. Stipulations. On or before **Friday, May 9, 2008, 12:00 p.m.**, The parties shall file a joint stipulation of facts containing separately numbered paragraphs covering all matters to which the parties have been able to stipulate during the course of proceedings.

The court urges the parties to achieve joint stipulations to the fullest extent possible in order to reduce the time required for trial. The stipulations shall include citations, by exhibit, page and paragraph numbers, to the trial exhibits discussed below.

c. Issues of Fact and Law. On or before **Friday, May 9, 2008, 12:00 p.m.**, the parties shall file a joint statement of the issues of fact and law to be decided by this court. The statement of issues shall control the admissibility of evidence at trial and evidence will be deemed to be irrelevant unless it pertains to one or more of the issues.

d. Joint Trial Exhibit List. On or before **Friday, May 9, 2008, 12:00 p.m.**, the parties shall file a joint trial exhibit list divided into the following five sections:

(1) Joint stipulated exhibits, to be numbered starting with 1-99 or 1-999, as needed. The court urges the parties to achieve as many joint exhibits as possible in order to reduce the time required for trial. The pages of the exhibits shall be Bates numbered, consecutively, from page one of the first joint exhibit to the last page of the last joint exhibit.

(2) Plaintiff's exhibits, to be numbered starting with 100-199, or 1000-1999, the Bates page numbering sequence to continue following the completion of the sequence of Bates numbers used for the joint exhibits.

(3) Defendant's exhibits, to be numbered 200-299 or 2000-2999, the Bates page numbering sequence to continue following the completion of the sequence of Bates numbers used for the plaintiff's exhibits.

(4) Plaintiff's objections to defendant's exhibits, including the basis for each objection.

(5) Defendant's objections to plaintiff's exhibits, including the basis for each objection.

The actual exhibits themselves shall not be submitted to the clerk's office or to chambers, but shall be brought to the trial by the parties in sufficient copies, including one copy for the witness, two copies for the court and the official copy to be submitted to the court reporter. The exhibits shall be bound or placed in a loose leaf notebook(s) with each exhibit sequentially numbered and all pages of each exhibit sequentially numbered, starting with page one of the first exhibit through the last page of the last exhibit. Loose submissions, such as maps, photographs, physical evidence and charts, may be submitted. Reduced copies of charts and photographs should be included in the bound volumes, if possible.

e. Deposition Testimony. On or before **Friday, May 9, 2008, 12:00 p.m.**, any party intending to present substantive evidence by way of deposition testimony, other than as provided by Federal Rule of Evidence 801(d), shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the

deposition testimony should be admitted and identify specifically the portion of the transcript the party intends to use at trial. The opposing party may file a response to this motion. Sufficient copies of proposed deposition pages for use at trial must be brought to the trial by the party intending to use such deposition testimony.

f. Responses. The parties are expected to confer and cooperate in the preparation of the above described documents. Any responses to matters raised by the opposing party should, therefore, be included in each party's initial submission. However, if anything new or unexpected is discovered, it may be addressed in a brief response which must be filed under cover of a motion for leave of the court to file the response, immediately upon making the discovery.

If mediation is not successful, the court **SCHEDULES** a pre-trial conference for **Tuesday, May 13, 2008, 2:30 p.m.**, instead of the pre-trial conference previously set for April 30, 2008. Counsel for both parties may appear by telephone. Unless otherwise notified, the court will contact plaintiff's counsel at (907) 276-8010, and defendant's counsel at (202) 307-0163. Among other issues, the parties will discuss whether a site visit is advisable, and shall confirm when trial will commence.

If mediation is not successful, a trial in this case, which has been scheduled for some time in a courtroom in Anchorage, Alaska, will commence on **Tuesday, May 27, 2008, at 9:00 a.m.**, and continue through **Friday, June 13, 2008**, or until all evidence is taken. The trial dates reflect courtroom confirmed availability in Anchorage.

**IT IS SO ORDERED**.

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**