# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KIEWIT/MANSON JV,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 06-796 C |

## OBJECTION TO DEFENDANT'S WITNESS LIST AND MOTION TO STRIKE

COMES NOW the Plaintiff, Kiewit/Manson JV, by and through counsel of record, and herein moves to strike Lee Seeba and Morgan Ruther from Defendant's Witness List.

The first time that Plaintiff has seen the name of Morgan Ruther on any Witness List was today. Mr. Ruther was not made available for deposition, and Plaintiff certainly does not intend to use its time now by the taking of a deposition on the eve of Trial. Plaintiff strenuously and vigorously objects to the Court allowing Mr. Morgan Ruther to testify at Trial since no Discovery occurred whatsoever regarding this individual, and Defendant never advised counsel at any telephone conference with the Court, or previous filing, that Mr. Morgan Ruther would be a witness. Additionally Plaintiff submitted a 30(b)(6) Notice to Defendant specifying that it produce the most knowledgeable person regarding the document at issue referenced on Defendant's Witness List and Defendant produced Greg Carpenter, not Morgan Ruther. Defendant's conduct of now listing Mr. Ruther is sanctionable.

Mr. Seeba was not listed as a witness by Defendant at any point prior to the filing of Defendant's instant Witness List. Plaintiff advised Defendant that it was taking the deposition of Mr. Seeba in Colorado Springs in order to submit his testimony through

Deposition Designation. The Deposition Designations of Mr. Seeba were prepared, with the same taking a great deal of time and effort on the part of Plaintiff's counsel. Plaintiff's counsel submitted Mr. Seeba's Designations through Motion filing submitted this day. The undersigned counsel would necessarily be required to now prepare cross examination for Mr. Seeba since Defendant did not list Mr. Seeba as a Witness. This Court advised the parties on several occasions during the course recent telephone conferences as to whether any additional witnesses would be called. Both parties represented to the Court that no additional witnesses would be called and, therefore, the Court should clearly strike Lee Seeba as a testifying witnesses of Defendant.

Plaintiff further objects to Defendant's Witness List on the basis that the Government "may call" Mr. Arruda; Mr. Harvey; and Ms. Pflugh.

Plaintiff did not designate deposition testimony of these individuals as the Government assured the undersigned, and the Court, at the last conference, that these individuals, Al Arruda; Karl Harvey; and Elaine Pflugh would testify at Trial. The undersigned advised the Court that he needed to know in order to prepare deposition designations in the event these individuals would not be called. Opposing counsel assured the undersigned that these individuals would be called. In the event they are not called, then Plaintiff reserves the right to designate deposition testimony of these three individuals.

Respectfully submitted this 15th of May, 2008.

s/Herbert A. Viergutz

Herbert A. Viergutz
Attorney for Kiewit/Mason JV
Barokas Martin & Tomlinson
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: 907-276-8010
Fax: 907-276-5334

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 15th day of May, 2008, a copy of this pleading was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Herbert A. Viergutz
Herbert A. Viergutz