**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| KIEWIT/MANSON JV,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 06-796 C |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S "OBJECTION TO DEFENDANT'S WITNESS LIST AND MOTION TO STRIKE"**

Plaintiff this afternoon filed an objection to our witness list and moved to strike our designation of Lee Seeba and Morgan Ruther as witnesses. Defendant's counsel informed plaintiff's counsel on May 1, 2008 that Mr. Ruther was the author of several notes found in a file that has been marked as deposition Exhibit 263. We had investigated the origination of the marginalia on that document upon which plaintiff examined our 30(b)(6) witness that same day. Based upon the inability of the 30(b)(6) witness to identify the author of that particular marginalia, defendant's counsel determined who had been the author. The Government determined that Mr. Ruther was the author of the document about an hour after plaintiff's took the 30(b)(6) deposition. Counsel for the Government immediately informed plaintiff's counsel that the Government would make Mr. Ruther available for deposition at a mutually convenient time. Plaintiff's counsel demurred and said that Ex. 263 "would speak for itself." Plaintiff's counsel representation in its motion regarding the alleged unavailability of Mr. Ruther for deposition is a blatant misrepresentation to this Court. Plaintiff has no basis to preclude us from calling as a witness the person whom we are told is the author of the exhibit in question. Indeed, plaintiff will not be able to admit the document without laying a proper foundation, which, we

submit, will require Mr. Ruther's testimony. We know of no basis to exclude a witness in favor of a document that he is believed to have authored.

Plaintiff's motion to strike Mr. Seeba as a witness is also bereft of merit. It is true that Mr. Seeba was not listed on the Government's preliminary witness list. Mr. Seeba, however, was identified on plaintiff's preliminary witness list that it filed on March 31, 2008, and the Government reserved the right to call anyone identified on the plaintiff's witness list. Moreover, if the parties were held to the preliminary witness lists filed with the Court during the middle of discovery, it would defeat the point of filing a witness list with the Court in accordance with the Court's order that we file a subsequent, non-preliminary witness list. Contrary to plaintiff's motion, plaintiff never informed the Government that it intended to take Mr. Seeba's deposition in order to designate his testimony, to the exclusion of any live testimony, prior to taking that deposition, or otherwise, until this week. This, again, is blatant misrepresentation. The purpose of a trial is to enable the Court to resolve disputed facts. Live testimony by witnesses, who are available, will enable to the Court to judge the credibility of testimony and facilitate the Court's ability to determine the facts.

Finally, with respect to plaintiff's objection to our designation of certain witnesses as "may call," plaintiff's invented scenario alleging that its planned designation of witness deposition testimony was premised upon alleged information regarding the appearance of several of our witnesses is, at best, disingenuous. Plaintiff's further specious allegations do not merit a response.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON

Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

May 15, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 15th day of May 2008, a copy of the foregoing "DEFENDANT'S RESPONSE YO PLAINTIFF'S "OBJECTIONS TO DEFENDANT'S WITNESS LIST AND MOTION TO STRIKE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David M. Hibey