**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| KIEWIT/MANSON JV,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 06-796 C<br>(Judge Horn) |

JOINT STATEMENT OF ISSUES OF LAW AND FACT

Pursuant to the Court's Orders issued March 10, May 9 and May 16, 2008, the parties respectfully submit the following in response to the Court's subsequent directive regarding a Joint Statement of Issues of Fact and Law. The parties have been working from remote locations and through the night in an effort to prepare this joint statement. There remains a few areas where the parties have not been able to reach agreement. Those issues are included following the agreed to joint statement.

A. ISSUES OF FACT

1. What documents or other proposal or proposal-related information were provided to or otherwise available to Kiewit Manson for the preparation of its proposal upon Contract DACW 85-03-C-00014 soliciting generally certain dredging, excavation and construction for navigation improvements in Nome, Alaska (the "Contract")?

2. Was there any relevant information in the Corps of Engineers' (COE) possession that should have been, but was not, included as part of the bid documents; and

was there any information included in the bid documents which was not presented with reasonable accuracy? If so, what effect, if any, do these factors have with respect to KM's claims?

3.. What did KM interpret the Contract requirements to be at the time it submitted its proposal for the Contract; and was its interpretation reasonable?

4. What did the COE intend with respect to the Contract requirements at the time it advertised for proposals; and was this intention presented in the bid documents with reasonable clarity?

5. What were the terms of the Contract?

6. To what extent, if any, did the work KM performed differ from that which KM planned to perform for the prices it proposed?

7. What conditions were encountered during the Contract work?

8. Whether the site conditions encountered differed materially from those indicated by documents made available to KM prior to submission of its proposal?

9. To what extent, if any, did acts or omissions by either party alter the work set forth in the Contract which was awarded to KM?

10. Are there any rock quantities being claimed by KM for which it is entitled to be paid; and if so, what are those quantities, and how much is KM entitled to be paid?

11. Whether and to what extent the COE or KM should be held responsible for KM mining and hauling equipment not being removed from the Nome Project site

before the 2004 freeze-up in Nome Harbor; or whether KM elected to keep the equipment at the Nome site for other reasons.

12. Was KM's schedule for the construction work reasonable?

13. Did the COE pay KM within the times and in the amounts provided in the Contract?

14. What is the amount, if any, that KM is entitled to be paid beyond what it has been paid to date by COE?

II. ISSUES OF LAW

1. What did the Contract obligate the parties to perform with respect to the Contract work, including generally and without limitation, the project dredging, excavation and construction?

2. What did the Contract provide with respect to the work requirements and the basis for compensation with respect to the project work?

3. Whether KM is entitled to recover upon its claims for equitable adjustment for alleged changes, defective specifications, and variations in estimated quantities, and for breach of alleged warranties of "the plans and specifications" and "administration of the project?" See First Amended Complaint (Compl.) at ¶ 14 ("First Cause of Action").

4. Whether KM is entitled to recover upon its claims for an alleged differing site condition or breach of contract, Compl. ¶ 15 ("Second Cause of Action"), or any claim styled as a nondisclosure, misrepresentation or otherwise in any amendment of the First Amended Complaint that is allowed by the Court.

5. If KM is entitled to recover any damages, what amount is due?

6. Did the conduct or performance of either party breach the Contract, or constitute grounds on which that party should be held to have waived, or be estopped from, asserting any of the claims or defenses in this action?

ISSUES OF FACT (NO AGREEMENT)

1. What did each of the respective parties, KM and the COE, do to investigate the project site conditions and project performance requirements? (Defendant's version).

Was the site investigation of the respective parties adequate? (Plaintiff's version).

2. What did the respective parties, KM and the COE, each interpret the Contract's requirements to be, at the time the Contract was awarded, and were those interpretations reasonable? (Defendant's version).

Whether the interpretations placed upon the contract during construction were reasonable and consistent? (Plaintiff's version).

3. Whether the site conditions encountered differed materially from those indicated by documents made available to KM prior to submission of its proposal? (Defendant's version).

Should either party have been on notice of the site conditions actually encountered during the dredging operation. (Plaintiff's version).

4. Was KM's schedule for the construction work impacted by any acts or omissions, and if so, whether and to what extent the COE or KM is responsible for such impact, and what was the consequence of such impact in terms of time and cost?

(Defendant's version.)

Whether KM's schedule for the construction was realistic; whether schedule impacts, if any, are attributable to Defendant; and if so, what was the time and cost consequence of such impact? (Plaintiff's version.)

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ David M. Hibey
DAVID M. HIBEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 307-0163
Fax: (202) 514-8624

May 22, 2008

Attorneys for Defendant

s/Herbert A. Viergutz
Herbert A. Viergutz
Dale Martin
BAROKAS MARTIN & TOMLINSON
1029 West Third, Suite 280
Anchorage, AK 99501
Phone: 907-276-8010

Fax: 907-276-5334

Attorneys for Kiewit/Mason JV

May 22, 2008

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of May 2008, a copy of the foregoing "Joint Statement Of Issues Of Law And Fact" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ ___David M. Hibey____________